**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES (RAICES), | |
| Plaintiff, | |
| v. | Case No. 22-cv-171 |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, | |
| Defendant. | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking disclosure from United States Immigration and Customs Enforcement ("ICE" or "Defendant") of records pertaining to Orlan Ariel Carcamo Navarro ("Mr. Carcamo"), a Honduran asylum seeker detained by ICE at Karnes County Family Residential Center ("Karnes") in Karnes City, Texas, until his death on or about March 18, 2020. On that day, Mr. Carcamo hung himself from a shower rod with his bed sheet while his son slept in their shared cell at Karnes. Plaintiff Refugee and Immigrant Center for Education and Legal Services ("RAICES" or "Plaintiff") represented Mr. Carcamo while he was alive and currently represents his son and next of kin, who have authorized RAICES to seek records about the circumstances surrounding Mr. Carcamo's death. RAICES filed a FOIA request in April 2021 for these records and to date, ICE has not produced any documents or information, in violation of FOIA. As a result, RAICES now seeks declaratory, injunctive, and other appropriate relief to compel the prompt production of agency records improperly withheld from RAICES by ICE.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action, including the authority "to enjoin [an] agency from withholding agency records and to order the production of any agency records improperly withheld" from Plaintiff under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2202.

3.      Venue in this district is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff's principal place of business is within the Western District of Texas. For the same reason, venue is proper under 28 U.S.C. § 1391(e)(1)(C).

4.      Declaratory relief is appropriate under 28 U.S.C. § 2201(a).

## PARTIES

5.      Plaintiff RAICES is a 501(c)(3) nonprofit agency that provides free and low-cost legal services to underserved immigrant children, families, and refugees. As part of its mission, RAICES seeks to inform public understanding of the operations of the government by gathering and disseminating information, including with respect to immigration detention and healthcare therein. RAICES routinely engages in gathering information for its legal and policy work through FOIA, analyzing the information, distributing it online and to the public at large and members of the media, and regularly issuing press releases on the information. Timely, complete, and accurate information about ongoing government operations is key to the effectiveness of RAICES's legal services and advocacy work.

6.      Defendant ICE is an executive agency component of the United States Department of Homeland Security ("DHS"). ICE is an agency within the meaning of 5 U.S.C. § 552(f)(1). ICE is responsible for enforcing federal immigration laws, including through the apprehension, detention, and removal of individuals unlawfully present in the United States. ICE

had custody over Mr. Carcamo for the approximately 26 days preceding his death on or about March 18, 2020.

## LEGAL FRAMEWORK

### FOIA Requests For Information

7.      The FOIA Statute, 5 U.S.C. § 552, requires federal agencies to release records upon request to the public, except those protected from disclosure by one or more statutory exemptions.

8.      An agency must respond to a FOIA request within twenty working days after receipt of the request. The agency must notify the requester of the agency's determination whether to comply with such request, and provide the scope of documents it will produce, exemptions it will claim (if any), and reasons for its determination. It also must inform the requester of the right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). *See also Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 182-83 (D.C. Cir. 2013).

9.      In "unusual circumstances," an agency may extend its time to respond to a FOIA request or appeal by up to ten working days. 5 U.S.C. § 552(a)(6)(B).

10.     A FOIA requester is "deemed to have exhausted his [or her] administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions" under FOIA. 5 U.S.C. § 552(a)(6)(C)(i). "[I]t is not sufficient that an agency receives a high number of FOIA requests or has a large backlog of requests to which it must respond" to delay responding to a request. *Moore v. Immigr. & Customs Enf't*, 513 F. Supp. 3d 742, 746 (W.D. Tex. 2021) (internal quotations and citations omitted). After exhausting administrative remedies, the requester may then file suit in federal court to obtain the requested records.

*Citizens for Resp. & Ethics in Washington*, 711 F.3d at 185; *see also Voinche v. FBI*, 999 F.2d 962, 963 (5th Cir. 1993).

11.     A district court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

**Expedited Processing Under FOIA**

12.     The FOIA statute requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester demonstrates a "compelling need" as well as "in other cases determined by the agency." *Id.* §552(a)(6)(E)(i). FOIA defines "compelling need" to include requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." *Id.* § 552(a)(6)(E)(v)(II).

13.     Under DHS's FOIA regulations, there is an "urgency to inform the public about an actual or alleged federal government activity, if made by a person who is primarily engaged in disseminating information" or if the activity concerns "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(ii) & (iv).

14.     Agencies are required to make a determination of whether to provide expedited processing for a request within ten calendar days "after the date of the request." 5 U.S.C. § 552(a)(6)(E)(ii)(I). DHS regulations contain the same requirement. *See* 6 C.F.R. § 5.5(e)(4).

15.     An agency's denial or failure to respond within ten calendar days to a request for expedited processing of a FOIA request is subject to judicial review without the need for administrative exhaustion. 5 U.S.C. § 552(a)(6)(E)(iii).

## STATEMENT OF FACTS

### ICE Possesses the Records Requested by RAICES

16.    On or about March 18, 2020, Mr. Orlan Carcamo, a Honduran asylum seeker detained with his four-year old son at Karnes County Family Residential Center, apparently took his life by hanging himself from the shower rod in a medical observation cell.

17.    Mr. Carcamo had displayed signs of anxiety and depression in the days and weeks leading up to his death. To gain insight into the specific medical and mental health care provided to Mr. Carcamo, as well as any information related to Mr. Carcamo and his well-being during his approximately four weeks in ICE custody prior to his death, RAICES submitted a FOIA request to ICE.

18.    ICE and its agents are obligated to create and maintain records on the medical and mental health of detained noncitizens under the 2007 Family Residential Standards, which were in operation at the time of Mr. Carcamo's death. *See* Immigr. & Customs Enf't, 2007 Family Residential Standards, 4.3(II)(26) (2007), https://www.ice.gov/doclib/dro/family-residential/pdf/rs_medical_care.pdf ("Active health records will be maintained in accordance with accepted standards, separate from other residents' residential files . . . ."). ICE and detention facility operators are further required to retain health record files even after a detainee leaves ICE custody. *See id.* at 4.3(V)(21)(b) ("Inactive health record files shall be retained as permanent records in compliance with [Division of Immigration Health Services (now ICE Health Service Corps or IHSC)] established procedures."). Further, upon the death of a detainee in ICE custody, the relevant ICE Field Office Director "shall send all available medical reports to the [IHSC] Director (or designee)." Immigr. & Customs Enf't, 2007 Family Residential Standards at 4.6(V)(5)(f)(b),

https://www.ice.gov/doclib/dro/family-residential/pdf/rs_terminal_illness_advance_directives_and_death.pdf.

19.     Thus, ICE has Mr. Carcamo's complete medical record within its files.

20.     The Detainee Death Report published by ICE on its website following Mr. Carcamo's death describes several interactions that he had with various medical personnel at Karnes, including a registered nurse, an advanced practice provider, and a licensed master social worker, as well as a referral to a psychiatric evaluation. *See* U.S. Immigr. & Customs Enf't, Detainee Death Report: CARCAMO-Navarro, Orlan Ariel 1-2 (2020), https://www.ice.gov/doclib/foia/reports/ddrCARCAMONavarroOrlanAriel.pdf. This brief account of Mr. Carcamo's medical and mental health treatment at Karnes further demonstrates ICE's possession of Mr. Carcamo's complete medical treatment records, which ICE has failed to produce to date.

21.     Similarly, ICE and the operators of its detention facilities maintain and possess records related to a detainee's discipline, grievances, and records of counseling, in a detainee's Residential File. *See* Immigr. & Customs Enf't, 2007 Residential Standards 7.1(2)(a)-(b), https://www.ice.gov/doclib/dro/family-residential/pdf/rs_residential_files.pdf. ICE retains and archives these files after a detainee's transfer, release, or removal. *Id* at 7.1(2)(e). Hard copies of files may only be destroyed after three years. *Id.* at 7.1(2)(e)(4). Mr. Carcamo passed away in ICE custody less than two years ago.

22.     Thus, ICE possesses his Residential File, which RAICES requested through FOIA.

**RAICES's FOIA Request and Request for Expedited Processing**

23.     On April 19, 2021, RAICES submitted a FOIA request about Mr. Carcamo, and requested expedited processing. *See* **Exhibit A**. ICE confirmed receipt of this request by email on April 19, 2021, designating it as Case Number 2021-ICFO-33944.[1]

24.     By email dated June 3, 2021, ICE informed RAICES that the request had "been updated to the following status 'In Process.'"

25.     To date, however, ICE has not disclosed any records in response to RAICES's FOIA request.

**The Contents of the FOIA Request**

26.     In its FOIA request, RAICES sought all physical and electronic records regarding Orlan Ariel Carcamo Navarro, A# 213-563-372, including, but not limited to:

- The medical treatment, care, symptoms, observation, history, and diagnoses of Mr. Orlan Carcamo, *on and before* March 18, 2020;

- The dental treatment, care, symptoms, observation, history, and diagnoses of Mr. Orlan Carcamo, *on and before* March 18, 2020;

- The psychiatric, psychological, counseling, behavioral therapy, and mental health treatment, care, symptoms, observation, history, and diagnoses of Mr. Orlan Carcamo, *on and before* March 18, 2020;

- Mr. Orlan Carcamo's custody, detention, discipline, and conditions thereof;

---

[1] RAICES initially submitted a nearly identical FOIA request to ICE about Mr. Carcamo on July 8, 2020. ICE confirmed receipt of this FOIA request on July 9, 2020, designating it Case Number 2020-ICFO-62095. RAICES, however, submitted this request with the wrong Alien Number ("A#") for Mr. Carcamo: Mr. Carcamo's A# is A-213-563-372, but the request listed it as A-213-563-375 (with the incorrect last digit). ICE eventually responded over 15 months after its receipt, on October 21, 2021, denying that it had any records on Mr. Carcamo of any type and restating the erroneous A#.

Prior to receiving the denial for Case Number 2020-ICFO-62095, RAICES realized that it had included the wrong A# on the initial FOIA request. Because nine months had passed since the initial submission without a response from ICE, which, per the FOIA statute, constitutes administrative exhaustion, *see* 5 U.S.C. § 552(a)(6)(C)(i), RAICES submitted its April 19, 2021, FOIA request with the correct A# for Mr. Carcamo.

- Mr. Orlan Carcamo's patient files, client files, detainee files, "A file," and inmate files;

- Detainee or inmate grievances, complaints, "papelitos," sick call requests, and "kites" submitted by or about Mr. Orlan Carcamo;

- Records signed, written, prepared, or completed by Mr. Orlan Carcamo;

- Actions taken to prevent or reduce Mr. Orlan Carcamo's death, suicide, or self-harm;

- Actions taken in response to or in investigation of Mr. Orlan Carcamo's injuries and/or death on or around March 17-18, 2020;

- Reports, inquiries, notifications, requests, staff logs, control logs, observation, suicide watch, mental health watch, supervisor reports, complaints, and incident reports, referencing or regarding Mr. Orlan Carcamo;

- Reports, inquiries, notifications, requests, staff logs, control logs, observation, suicide watch, mental health watch, supervisor reports, complaints, and incident reports, at, for, or regarding Karnes County Family Residential Center, created between 12:01 a.m. Tuesday, March 17, 2020 and 12:01 a.m. Thursday, March 19, 2020.

*See* **Exhibit A**.

27.     RAICES sought expedition of its request because there is a "compelling need" to inform the public about the subject of its request. The deaths of ICE detainees, and those in immigration custody generally, have been the subject of extensive media coverage, reflecting public interest in the issue. *See* 6 C.F.R. § 5.5(e)(3) (explaining that "[t]he existence of numerous articles published on a given subject can be helpful to establishing the requirement that there be an 'urgency to inform' the public on the topic"). The death of Mr. Carcamo, the subject of the request, was covered by numerous media sources, including, but not limited to, *ABC News*, *NBC*

*News*, *Buzzfeed*, and *The Guardian*.[2] RAICES cited to these sources in its FOIA request. *See* **Exhibit A**.

28.    To date, ICE has not acknowledged and/or issued a determination on RAICES's request for expedited processing.

29.    RAICES also requested that ICE waive all fees associated with the FOIA request because disclosure of the records "is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest" of RAICES. 5 U.S.C. § 552(a)(4)(A)(iii); 6 C.F.R. § 5.11(k)(1). Specifically, the request would help the public better understand medical and mental healthcare in detention centers, and what protocols exist to provide treatment, suicide prevention and education, and safety and security to staff and detainees. Additionally, the disclosure of the requested records will contribute to "the understanding of a reasonably broad audience of persons interested in the subject," *id.*, § 5.11(k)(2)(iii), because RAICES intended and intends to analyze the responsive records and publish its findings in support of its policy and advocacy work to ensure safe detention conditions and promote improved access to suicide prevention resources and improve training of staff and contractors.

30.    To date, ICE has not informed RAICES of the scope of documents it will produce or the scope of documents it plans to withhold (if any) and on what grounds. Defendant has

---

[2] *See, e.g.*, *Man dies by apparent suicide in ICE family detention center*, ABC News (Mar. 19, 2020), https://abcnews.go.com/US/wireStory/man-dies-apparent-suicide-ice-family-detention-center-69685614; *Man dies at ICE family detention center, ninth death since October*, NBC News (Mar. 19, 2020), https://nbcnews.com/news/us-news/man-dies-ice-family-detention-center-ninth-death-october-n1164071; Hamed Aleaziz, *An Immigrant Has Killed Himself in An ICE Family Detention Facility*, Buzzfeed News (Mar. 19, 2020), https://www.buzzfeednews.com/article/hamedaleaziz/immigrant-man-suicide-ice-detention; *Texas: man dies by apparent suicide at Ice family detntion center*, The Guardian (Mar. 19, 2020), https://www.theguardian.com/us-news/2020/mar/19/texas-ice-suicide-karnes-county-detention.

therefore failed to make a "determination" within the applicable time period under FOIA. *See Citizens for Resp. & Ethics in Washington*, 711 F.3d at 182.

31.     ICE had 20 working days (or 30 working days in unusual circumstances) from the date of receipt of the request to make a determination on RAICES's FOIA request. That time has expired.

32.     To date, ICE has not disclosed any records in response to RAICES's FOIA request.

### RAICES'S HIPAA REQUEST

33.     In addition to seeking Mr. Carcamo's medical records through FOIA, RAICES submitted a request for Mr. Carcamo's medical records through the Health Insurance Portability and Accountability Act ("HIPAA") compliant procedure established by ICE and The GEO Group ("GEO"), the private detention company that operates Karnes, on November 22, 2021.

34.     Under HIPAA, ICE and GEO are required to release Mr. Carcamo's medical records within 30 days. 45 C.F.R. § 164.525(b)(2). Over two months after this request, ICE and GEO have still not released the files. RAICES sent a follow-up email on January 12, 2022. ICE responded that it would pass the matter along to its legal counsel on January 14, 2022.

35.     This request demonstrates RAICES's continued efforts to obtain Mr. Carcamo's medical records from ICE and the agency's intransigence.

36.     Defendant has wrongfully withheld the requested records from RAICES.

**CAUSES OF ACTION**

**COUNT I – VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C. § 552(a)(4)(B)**
**UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY ICE**

37.     RAICES re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

38.     On April 19, 2021, RAICES properly submitted a FOIA request to ICE.

39.     RAICES's request seeks records within the custody and control of Defendant.

40.     RAICES has a legal right under FOIA to obtain the records and information it seeks, and no legal basis exists for Defendant's failure to search for and disclose them.

41.     Because ICE has failed to comply with FOIA's time limits, RAICES has constructively exhausted all applicable administrative remedies.

42.     Defendant's failure to conduct a reasonable search for and disclose records responsive to RAICES's request violates 5 U.S.C. § 552(a)(3) and corresponding DHS regulations.

**COUNT II – VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(E)(iii)**
**IMPROPER DENIAL OF PLAINTIFF'S  REQUEST FOR EXPEDITED PROCESSING**

43.     RAICES re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

44.     RAICES properly sought expedited processing of its FOIA request, demonstrating a compelling need as articulated in its request to ICE. 5 U.S.C. § 552(a)(6)(E)(I).

45.     Defendant constructively denied Plaintiff's request for expedited processing by failing to make a determination of whether to provide expedited processing within 10 days as required by 5 U.S.C. § 552(a)(6)(E)(ii).

46.     Defendant has violated Plaintiff's right to expedited processing under 5 U.S.C. § 552(a)(6)(E) and Defendant's own regulations, 6 C.F.R. § 5.5(e)(3).

47.     RAICES is entitled to injunctive and declaratory relief with respect to the immediate and expedited processing and disclosure of the requested information.

**COUNT III – VIOLATION OF THE FREEDOM OF INFORMATION ACT**
**5 U.S.C. § 552(a)(4)(B); 5 U.S.C. § 552(a)(6)(A)(i)**
**FAILURE TO RESPOND WITHIN THE STATUTORY TIME PERIOD**

48.     RAICES re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs as if fully set forth herein.

49.     Plaintiff has a legal right under FOIA to the timely search and release of responsive, non-exempt agency records in response to its April 19, 2021, FOIA request.

50.     No legal basis exists for ICE's failure to adequately and timely search for and release responsive agency records in compliance with FOIA's time limits.

51.     ICE had, under 5 U.S.C. § 552(a)(6), 20 working days (or 30 working days under unusual circumstances) from the date of receipt of RAICES's FOIA request to make a determination on the request.

52.     That time has since expired.

53.     To date, Defendant has not produced the requested records or otherwise responded to RAICES's request.

54.     Defendant's failure to comply with the statutory deadlines violates 5 U.S.C. § 552(a)(6)(A) and corresponding DHS regulations.

## REQUESTS FOR RELIEF

WHEREFORE, RAICES respectfully requests that the Court:

    a.   declare that Defendant's failure to respond to RAICES's FOIA request within the statutory time limit, its failure to grant expedited processing, and its improper withholding of responsive records violate FOIA;

    b.   enjoin Defendant from withholding the information requested by RAICES in its FOIA request;

    c.   declare that RAICES is entitled to expedited processing of its FOIA request pursuant to 5 U.S.C. § 552(a)(6)(E);

    d.   order Defendant to immediately search for and make the requested records available to RAICES;

    e.   order Defendant to waive all fees associated with RAICES's FOIA request;

    f.   award RAICES its costs and reasonable attorneys' fees incurred in this action as provided by 5 U.S.C. § 552(a)(4)(E) and any other applicable statute; and

    g.   grant such other and further relief as the Court may deem just and proper.


Dated: February 24, 2022                Respectfully submitted,

                                       */s/ Daniel Hatoum*
                                       Daniel Hatoum
                                       Yvette Changuin
                                       Refugee and Immigrant Center for
                                       Education and Legal Services (RAICES)
                                       802 Kentucky Ave.
                                       San Antonio, TX 78201
                                       (210) 610-6852 ext. 337
                                       daniel.hatoum@raicestexas.org
                                       yvette.changuin@raicestexas.org

## CERTIFICATE OF SERVICE

I, Daniel Hatoum, attorney for the Plaintiff, certify that on the 24th day of February, 2022, I

caused to be mailed to the Attorney for U.S. Immigration & Customs Enforcement the

**Complaint** by Certified U.S. Mail at the following addresses:


U.S. Immigration & Customs Enforcement
Office of the Principal Legal Advisor
500 12th St. SW, Mail Stop 5900
Washington, D.C. 20536–5900

Mr. Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Ms. Stephanie Rico
Civil Process Clerk
Office of the United States Attorney
for the Western District of Texas
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5597


Dated: February 24, 2022                          _____*/s/ Daniel Hatoum*_____
                                                  Daniel Hatoum
                                                  Attorney for the Plaintiff

14